[Cite as *Kontra v. Kontra*, 2012-Ohio-4293.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98126**

---

## TRACI E. KONTRA

PLAINTIFF-APPELLEE

vs.

## STEVEN F. KONTRA

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. D-332220

**BEFORE:** S. Gallagher, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 20, 2012

**ATTORNEYS FOR APPELLANT**

Robert C. Aldridge
Richard W. Landoll
9 Corporation Center
Broadview Heights, OH   44147


**ATTORNEYS FOR APPELLEE**

Matthew Abens
David L. Harvey, III
Kevin M. Preston
Harvey Abens Iosue Co., LPA
One Berea Commons
Suite 216
Berea, OH   44017

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant, Steven F. Kontra ("Steven"), appeals the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, regarding the allocation of parental rights and responsibilities in the judgment entry of divorce. For the reasons stated herein, we affirm.

**{¶2}** Steven and Traci E. Kontra ("Traci") were married on September 7, 1996, and two children were born as issue of the marriage, in March 2001 and January 2007. Traci filed a complaint for divorce on January 5, 2011. The trial court found that the parties are incompatible and entitled to a divorce.

**{¶3}** In the judgment entry of divorce, the court determined the allocation of parental rights and responsibilities for the care of the minor children. After considering the best interest of the minor children pursuant to R.C. 3109.04(F)(1), and finding that shared parenting was against the best interest of the minor children pursuant to R.C. 3109.04(F)(2), the trial court determined that "parental rights and responsibilities are allocated primarily to [Traci], who is hereby designated the residential parent and legal custodian of the minor children." The court awarded Steven parenting time according to the schedule set forth in the court's judgment entry, which was fashioned to maximize each parent's time with the children.

**{¶4}** Steven has appealed the decision of the trial court, raising four assignments of error for our review that provide as follows:

> [1.]    The trial court erred under O.R.C. 3109.04(F)(1)(c) in considering the testimony of [Steven's] mother under that subsection for any purpose

other than assessing the children's interaction and interrelationships with their parents, siblings and other persons.

[2.] The trial court erred under O.R.C. 3109.04(F)(1)(f) and (i) by suggesting that [Steven] would not honor and facilitate court-approved parenting time rights or visitation and companionship rights when no evidence was introduced that [Steven] had ever violated the parties' interim parenting schedule order and facilitated parenting time with [Traci] prior to the existence of a formal parenting order.

[3.] The trial court erred in balancing the factors under O.R.C. 3109.04(F)(1) in determining the best interest of the minor children by not placing a great enough value on the children's adjustment to home, school, and community under O.R.C. 3109.04(F)(1)(d).

[4.] The trial court erred in allocating parental rights and responsibilities primarily to [Traci] and designating her as residential parent and legal custodian as such was not supported by the evidence and was not in the best interest of the children.

{¶5} We review a trial court's determination in domestic relations cases under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶6} R.C. 3109.04(A) requires a court in a divorce proceeding to allocate the parental rights and responsibilities for the care of the minor children of the marriage. R.C. 3109.04(A)(1) provides in relevant part as follows:

(1) * * * [I]f at least one parent files both a pleading or motion and a shared parenting plan * * * but no plan for shared parenting is in the best interest of the children, the court, in a manner consistent with the best

interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.

{¶7} R.C. 3109.04(F)(1) and (2) set forth a number of nonexclusive factors to guide the court's determination concerning the best interest of the children and whether a shared parenting plan is in their best interest. All relevant factors are to be considered in making a best interest determination under R.C. 3109.04(F)(1) and (2).

{¶8} Our review of the record reveals that the trial court gave due consideration to all of the relevant factors listed in R.C. 3109.04(F)(1) and (F)(2). In considering the wishes of the children's parents, the trial court noted that Traci had requested shared parenting and filed a proposed shared parenting plan. However, at trial, Traci testified that she no longer felt shared parenting was in the children's best interest because she and Steven are unable to communicate and he excludes her from any decisions related to the children. With regard to the wishes of the children, the trial court noted that they were interviewed as part of the evaluation conducted by family conciliation services and that nothing of significance was reported.

{¶9} The court found the interaction and interrelationship between the children and each parent was appropriate and that there was testimony from the family conciliation services' evaluator that both children appeared comfortable and bonded with each parent. However, the court noted that the testimony of Steven's mother suggests that she harbors negative feelings toward Traci. The court noted that "[o]n at least one occasion, [Steven's] mother made a derogatory comment about [Traci] in the driveway with the children present in the car."

{¶10} Steven claims that his mother's opinion about Traci is not a proper factor to be weighed under R.C. 3109.04(F)(1)(c) and has no bearing on the children's interaction and interrelationship with their parents, siblings, and other persons. He also claims there was no evidence that any negative feelings between his mother and Traci have had any adverse effect upon the minor children. While the relationship between a parent and a grandparent or other person in the children's lives does not fall squarely within the ambit of R.C. 3109.04, it nonetheless may be a relative factor to consider in determining the best interest of the children. R.C. 3109.04(F)(1) permits the court to consider any relative factor in considering the best interest of the children. Negative feelings or animosity harbored against the parent by a relative who has regular contact with the children has the potential to adversely impact the children. We find it was within the court's discretion to consider the fact that Steven's mother made a derogatory comment about Traci while the children were nearby.

{¶11} The court next considered that the children primarily reside with Steven in the marital home in Olmsted Falls, but they have adjusted to spending parenting time with Traci, who resides at her parents' home in Broadview Heights. The court also noted that the older child has friends who visit at Steven's home, that she is well adjusted and comfortable in her current school where she has been for several years, and that she takes Tae Kwan Do with some of the children in her class. The court considered that allocating parental rights and responsibility to Traci would require the children to move from their home and that the older child would have to attend school in a new school district. The younger child was not yet in school.

{¶12} Steven claims the trial court did not place great enough value on the children's adjustment to home, school, and community under R.C. 3109.04(F)(1)(d). He references the report of Elevani D. Fletcher, the family conciliation services' evaluator. Fletcher expressed concern over uprooting the children from their neighborhood and school and indicated that "[t]he children have resided in Olmsted Falls and in the marital home since birth and it may be too disruptive to remove them from their comfortable environment, given that they also have to adjust to their parents' divorce." Fletcher also indicated that it was unclear how long Traci would reside with her parents in Broadview Heights and her future living arrangements were undetermined. Steven also states that Traci has an inconsistent work schedule, she exercised relatively limited parenting time with the minor children, she is sharing a bedroom in her parents' home with the children, and that the children do not have friends near Traci's household. However, there also

was evidence that reflected Traci could spend more time with the children if she were the residential parent; that the children were adjusted to the living arrangements; that other than the sleeping arrangements, Traci's parents' home has plenty of room; and that her parents are supportive regarding the living arrangements. Also, there was no evidence that the children would not be able to adjust to a transfer to the Brecksville-Broadview Heights school system.

{¶13} The record reflects that the trial court considered Fletcher's testimony and report in the matter, as well as the other evidence presented in the case. The abuse of discretion standard is a highly deferential standard, and this court is not free to merely substitute its judgment for that of the trial court. *Rex v. Conner*, 8th Dist. Nos. 81210 and 81810, 2003-Ohio-4561, ¶ 19. Moreover, when determining the children's best interest, it is the role of the trial court to determine the relative weight to assign each factor, in relation to the others. *Ruble v. Ruble*, 12th Dist. No. CA2010-09-019, 2011-Ohio-3350, ¶ 18.

{¶14} In considering the mental and physical health of all persons involved, the trial court noted that Steven had a history of depression and anxiety that has been treated with medication. It further noted that Traci reported Steven continues to harbor negative feelings toward her for "walking out on her children" and that this negatively affects his ability to foster a positive relationship between Traci and the children. The court agreed with Fletcher's finding that Steven's ability to co-parent with Traci would not likely improve without personal counseling.

{¶15} The court also found that Steven's attitude toward Traci prevents him from facilitating parenting time with the minor children. The court cited evidence reflecting Steven's negative opinion of Traci. The court found relevant Steven's failure to advise Traci that he had enrolled the younger child in day care five days per week and his omission of the mother's name on the day-care form. The court referenced Steven's unwillingness to share transportation associated with Traci's parenting time and his refusal to communicate with Traci. The court also noted other actions that belie Steven's professed intention to facilitate parenting time. On the other hand, the court indicated that Traci had expressed her desire to communicate with Steven and to make decisions regarding the children together, and she testified to her willingness to take the children to their activities, to share in transportation and finances, and to encourage vacation time for Steven with the children. The court found that Traci is more likely to facilitate parenting time and to be flexible in making changes to the schedule as situations arise.

{¶16} Steven argues that he repeatedly expressed his desire to foster parenting time between Traci and the children and that both parties acknowledged a communication issue between them. Steven also claims that the trial court overlooked other evidence in the record.

{¶17} Our review reflects that the trial court recognized there was no evidence that Steven has directly denied Traci her parenting time. However, the court found that "the evidence established that he routinely makes it as difficult as possible for [Traci] to be with their children by refusing to communicate, being unwilling to do some of the

driving, and declining to be flexible in scheduling additional time." There was also testimony that Steven does not tell Traci when the children are sick, about changes in the children's activities, and school-related information.

{¶18} Further, in considering the relevant factors under R.C. 3109.04(F)(2), the court recognized the lack of communication between both parents and their inability to cooperate in decision-making for the children. However, the court recognized Traci's willingness to work at communication and shared decision-making. The court observed that Steven's testimony exhibited his continued negativity toward and distrust of Traci. The court also noted Steven had conditioned his willingness toward cooperating with and sharing in the transportation between parenting time. The court recognized that the family conciliation services' evaluator, who recommended shared parenting, believed Steven would "marginalize" Traci and limit her involvement with the minor children if he were allocated primary parental rights and responsibilities. Upon examining the factors of R.C. 3109.04(F)(2), the court concluded that shared parenting would not be in the best interest of the minor children.

{¶19} We find there is competent, credible evidence supporting the trial court's conclusion that designating Traci as the residential parent and legal custodian of the children is in their best interest. Finding no abuse of discretion by the trial court, we overrule the assigned errors.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR